Craig B. Sanders, California Bar No. 284397
csanders@barshaysanders.com
**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: 119599

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

| | |
|---|---|
| Cheskel Gross, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Midland Credit Management, Inc.,<br><br>Defendant. | Case No: **'21CV0072 JLS  WVG**<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Cheskel Gross, individually and on behalf of all others similarly situated (collectively "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Midland Credit Management, Inc. (collectively "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* (the "FDCPA") and The Rosenthal Fair Debt Collection Practices Act ("The Rosenthal Act") California Civil Code §1788*et seq.*

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of California.

## PARTIES

5. Plaintiff Cheskel Gross is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Midland Credit Management, Inc., is a California Corporation with a principal place of business in San Diego

County, California.

## **FACTUAL ALLEGATIONS**

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by calls to Plaintiff's telephone.

21. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letters including the letter dated March 25, 2020. (the "Letter") (A true and accurate copy is annexed hereto as Exhibit 1).

22. The Letter was not the initial written communication Plaintiff received from Defendant concerning the alleged Debt but upon information and belief the initial letter was formatted similarly, if not identically, to the Letter.

23. The Letter conveyed information regarding the alleged Debt.

24. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. The Letter was received and read by Plaintiff.

26. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

27. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

28. Plaintiff's injury is "particularized" and "actual" in that the letter that caused the injury was addressed and sent to Plaintiff specifically.

29. Plaintiff's injury is directly traceable to Defendant's conduct, because Defendant sent the Letter.

30. A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

31. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

32. Plaintiff has been misled by Defendant's actions.

33. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the Debt.

34. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause her unwarranted economic harm.

35. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

36. As a result of Defendant's conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Debt.

37. Upon information and belief, Plaintiff can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

## FIRST COUNT

38. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

39. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

40. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

41. 15 U.S.C. § 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

42. The Letter is labelled as a "**PRE-LEGAL NOTIFICATION**" and "SECOND NOTICE Pay at MidlandCredit.com or Call 877-211-9872."

43. The label is in a stylized and emphasized font, placed in the upper right corner of the Letter.

44. Additionally, the Letter states: "We are proceeding with an evaluation of your account and are considering forwarding this account to an attorney in your state for possible litigation. Contact us by **4/24/2020**. Failure to make a payment or contact us will result in the continuation of the pre-legal review process. After the pre-legal review process, your account may be forwarded to an attorney."

45. The Letter further states, "If your account goes to an attorney, the flexible options below may no longer be available to you. If this process results in litigation, and a judgment is entered against you, the judgment will be enforceable according to state law."

46. On information and belief, Defendant did not forward Plaintiff's account to an attorney, as was threatened in the Letter.

47. On information and belief, Defendant could not forward Plaintiff's account to an attorney, as was threatened in the Letter because of court closures due to COVID-19, as stated in the Letter.

48. On information and belief, Defendant never intended to forward Plaintiff's account to an attorney, insofar as it knew of the court closures due to COVID-19.

49. Defendant's conduct is a false, deceptive, and/or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e.

50. Defendant's conduct is a threat to take any action that is not intended to be taken and cannot be taken, in violation of 15 U.S.C. § 1692e(5).

51. Defendant's conduct is the "use of any false representation or deceptive means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692e(10).

52. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e 1692e(5), 1692e(10) and is liable to Plaintiff therefor.

## SECOND COUNT

53. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

54. California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the FDCPA.

55. Defendant's conduct, as described herein, violates the aforesaid sections of the FDCPA.

56. Because Defendant's conduct, as described herein, violates the FDCPA, it also violates California Civil Code § 1788.17.

57. Defendant's conduct, as described herein, violates multiple provisions of The Rosenthal Act.

58. California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692K of the FDCPA.

59. California Civil Code § 1788.30 also provides for actual and statutory damages, as well as the award of reasonable attorney's fees.

60. California Civil Code § 1788.32 provides that the remedies provided in § 1788.30 are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

61. For the foregoing reasons, Defendant violated California Civil Code §§ 1788-1788.32 and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

62. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

63. Plaintiff seeks to certify the following class:

64. All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which Letter was sent on or after a date one year prior to the filing of this action to the present.

65. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

66. The Class consists of more than thirty-five persons.

67. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

68. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

69. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

70. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

71. **WHEREFORE**, Plaintiff respectfully requests judgment be entered as follows:

   a. Certifying this action as a class action; and

   b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

   c. Finding Defendant's actions violate the FDCPA and The Rosenthal Act; and

   d. Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A) and California Civil Code § 1788.30; and

   e. Awarding Plaintiff actual damages in an amount to be determined at trial as provided under 15 U.S.C §1692k(a)(1) and California Civil Code § 1788.30; and

   f. Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and

a. Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: January 13, 2021

**BARSHAY SANDERS, PLLC**

By: __/s/ *Craig B. Sanders*__
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 119599

Case No.      - 10 -
COMPLAINT